**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cr50**

| | |
|---|---|
| UNITED STATES OF AMERICA      ) | |
| ) | |
| vs.      ) | **ORDER** |
| ) | |
| QUEDOLTHUIS MIGUEL JONES      ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the government's Notice of Appeal of the magistrate judge's release order. (Doc. No. 39). For the reasons stated below, the Court will REVOKE the release order and detain the defendant pending trial.

The defendant was indicted on March 2, 2006, for conspiring to commit a Hobbs Act robbery of a Petro Express convenience store (Count Two), for committing and aiding and abetting the commission of the robbery (Count Three), and for using and carrying and aiding and abetting the using and carrying of a firearm during and in relation to that crime of violence (Count Four). (Doc. No. 1: Indictment). The magistrate judge initially detained the defendant on March 27, 2006, but later ordered the defendant's release on conditions after a second hearing on May 17, 2006. (Doc. No. 38: Order).

At the hearings, information was presented that the defendant and two others planned to rob the Petro Express and went there on November 13, 2005, armed with a handgun and wearing ski masks. When they encountered a store clerk outside the store, they took the employee and locked him in a refrigerated cooler. Then they demanded that the store manager open the safe while brandishing a firearm and threatening him. A customer came into the store during the robbery. The defendants then allegedly locked the customer in the cooler with the store clerk.

One of the victims used a cell phone to call 911.  The police arrived and caught the defendants in the store.  According to the government, the robbery was caught on video tape which includes audio.  Also according to the government, the defendant confessed to his involvement with the robbery.

At the initial hearing, the magistrate judge was concerned about the defendant's drug use.  His parents, in unsworn testimony, assured the court that the defendant had their support and that he had not been in any trouble.  The Pretrial Services Report, however, notes his mother reported that the defendant had been "kicked out" of the Charlotte-Mecklenburg school system.  The report also shows that the defendant had been arrested for two counts of assault and communicating threats in February 2005.  Two of the charges were dismissed in June 2005 and prayer for judgment continued was entered on the third charge in August 2005.  According to the report, the defendant admitted regular marijuana use since age 14 (he was 18 years old at the time of the offense).[1]  The report indicates he does not pay child support for his two-year-old daughter, and that he is expecting another child with his current girlfriend.

At the second hearing, the defendant indicated that he had completed drug treatment in jail and that he would seek employment if released.  It does not appear that defendant was employed prior to his arrest.  The magistrate judge released the defendant on a $50,000 unsecured bond with home detention and electronic monitoring.[2]  The government gave notice of its intention to appeal and the magistrate judge stayed his release order.

---

[1]The report lists his birthdate as September 8, 1978, but his current age as 18.  The Court presumes a typographical mistake was made as to the defendant's year of birth.

[2]The magistrate judge initially ordered that the defendant's parents serve as third party custodians.  They left without signing the paperwork, so that condition was not imposed. (Doc. No. 38: Order).

A district court is required to make an independent, de novo determination when acting on a motion to revoke or amend a magistrate judge's pretrial release order. United States v. Stewart, 19 Fed. Appx. 46, 48 (4th Cir. 2001)(citing United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992).  However, a district court is not required to hold an additional evidentiary hearing as part of its review. United States v. King, 849 F.2d 485, 489-90 (11th Cir. 1988); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989).

The Court has carefully conducted a de novo  review of the evidence presented before the magistrate judge and the entire record in this case and finds the magistrate judge's decision to release the defendant was in error.  The proof offered by the defendant fell well below that required to rebut the presumption of detention applicable to the charges in this case. 18 U.S.C. § 3142(e).  Participation in a jail-provided drug program, absent more, does not constitute information that has a material bearing on the issue whether there are conditions of release that will reasonably assure the safety of any other person or the community.[3] 18 U.S.C. § 3142(f). Mere participation in a drug program does not begin to lessen the risk that the defendant's assaultive behavior poses to society if released, especially considering that the alleged instant offenses occurred only three months after a state prayer for judgment continued was entered on a previous assault charge.

There is no showing that the § 3142(g) factors that warranted the original order of detention have diminished in any meaningful way.  The nature of this offense was extremely

---

[3]Then Chief United States District Judge Graham C. Mullen reached a similar conclusion in United States v. McCauley, WDNC Case No. 3:05cr310. (Doc. No. 14: Order)(finding that completion of personal advancement programs, including drug treatment, standing alone, "cannot constitute a change in circumstances warranting a reconsideration of bond").

violent, involving brandishing a gun, locking a store clerk and customer in a cooler, and threatening the store manager. 18 U.S.C. § 3142(g)(1). The evidence against the defendant is strong, including an audio-video recording and the defendant's confession to local police. 18 U.S.C. § 3142(g)(2). The defendant was expelled from public schools, was unemployed during the months leading up to the offense, and has long history of regular drug use. 18 U.S.C. § 3142(g)(3)(A). Although the defendant's parents support him, he was living with them at the time of the offense, his expulsion from school, and his drug use, of which his mother was aware. 18 U.S.C. § 3142(g)(3)(A). Finally, the defendant, 18 years old, has limited adult criminal history, but had received a prayer for judgment continued disposition on an assault charge three months before the robbery. 18 U.S.C. § 3142(e)(3)(B). Thus, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the defendant were released.

**IT IS, THEREFORE, ORDERED** that the magistrate judge's release order (Doc. No. 38) is **REVOKED** and the defendant is committed to the custody of the Attorney General.

**IT IS FURTHER ORDERED** that, to the extent practicable, the defendant shall be confined in a corrections facility separate from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States marshal for the purpose of an appearance with a court proceeding.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation office.

Signed: May 18, 2006

Robert J. Conrad, Jr.
United States District Judge